**SO ORDERED.**

**SIGNED this 21 day of March, 2016.**

*Stephani W. Humrickhouse*
_____
**Stephani W. Humrickhouse
United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF NORTH CAROLINA
### WILMINGTON DIVISION

| | |
|---|---|
| IN RE: | CASE NO. |
| LAWRENCE J. WHITE, IV<br>SHELLEY LYNN WHITE | 14-03109-5-SWH |
| DEBTORS | CHAPTER 13 |
| | |
| SHELLEY LYNN WHITE | |
| Plaintiff | ADVERSARY PROCEEDING NO. |
| v. | 15-00027-5-SWH-AP |
| QUANTUM3 GROUP, LLC and GALAXY<br>ASSET PURCHASING, LLC | |
| Defendants. | |

### ORDER REGARDING MOTION TO DISMISS COMPLAINT

The matter before the court in this adversary proceeding is the motion to dismiss filed by the defendants, Quantum3 Group, LLC and Galaxy Asset Purchasing, LLC, pursuant to Rules 8(a)(2), 9(b), and 12(b)(6) of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rules 7008, 7009, and 7012, respectively, of the Federal Rules of Bankruptcy Procedure. A hearing

took place in Raleigh, North Carolina, on August 18, 2015.  For the reasons that follow, the motion will be allowed in part and denied in part.

## Background

Lawrence J. White, IV and Shelley Lynn White filed a petition for relief under chapter 13 of the Bankruptcy Code on June 2, 2014.  On July 7, 2014, a proof of claim was filed by "Quantum3 Group, LLC as agent for Galaxy Asset Purchasing, LLC" ("Quantum") in the amount of $2,039.24, on the basis of "unsecured debt."  Attached to the claim is a one-page document containing the following information:

- Account Name(s): Shelley L White
- Original Creditor: Cross Country Bank
- Current Creditor/Assignee: Galaxy Asset Purchasing, LLC
- Assignor: Genesis Financial Solutions, Inc.
- Open Date: 09-29-1998
- Last Payment Date: Not Applicable
- Last Payment Amount: $0.00
- Last Transaction Date: 03-30-1999
- Charge Off Date: 03-30-1999
- Balance: $2,039.24
- Principal: $1,289.42
- Interest: $749.82

The claim was signed by "Dharminder S. Sandhu" as an "Authorized Agent for Creditor," with the company name listed as "Quantum3 Group, LLC."

On March 15, 2015, the plaintiff-debtor, Shelley Lynn White (hereinafter, the "debtor"), filed the complaint initiating this adversary proceeding (1) objecting to the proof of claim filed by Quantum, (2) asserting that Quantum violated the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et. seq., ("FDCPA") and (3) asserting that Quantum violated the North Carolina Collection Agency Act, N.C.G.S. § 58-70-1, et. seq. ("NCCAA").  First, the debtor seeks disallowance of the claim based on the assertions that the debtor does not recall the account

2

referenced, Quantum failed to comply with the claim filing provisions of F.R.B.P. 3001, and that the statute of limitations expired long ago, rendering the claim unenforceable pursuant to 11 U.S.C. § 502(b)(1). Within the first cause of action, the debtor alleges that Quantum files similar claims on a routine basis not only in this district, but nationwide, in violation of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure. In this regard, the debtor requests "actual damages in objecting to [the] proof of claim and in an amount sufficient to deter such future conduct under U.S.C. § 105." Complaint, ¶ 31, Doc. No. 1.

Second, the debtor contends that by filing the proof of claim, Quantum is attempting to collect a debt by using unfair, deceptive, and unconscionable methods in contravention of the FDCPA. For the alleged FDCPA violations, the debtor seeks actual damages, statutory damages of $1,000, and reasonable attorney's fees. Third, the debtor asserts that Quantum has violated the NCCAA by attempting to collect a time-barred debt and should be liable for actual damages, statutory damages of not less than $500 and not more than $4000, and reasonable attorney's fees.

In response, Quantum asserts this court has previously held that filing a proof of claim does not trigger the NCCAA and is not an actionable practice under the FDCPA, such that the debtor's claims under these statutes should be dismissed. As to the objection to claim and associated request for damages under § 105, Quantum contends that damages are not a permissible remedy for a violation of Rule 3001, and that there is no private right of action under § 105. As a result, Quantum argues that the debtor has failed to state a claim for relief and the requests for damages should be denied. Finally, Quantum argues that the court should essentially view the complaint as the debtor's assertion of an affirmative defense to Quantum's claim, in that the debtor is asserting the three-year statute of limitations under N.C.G.S. § 1-52(1). It is Quantum's position that the Bankruptcy Code

and Rules contemplate the filing of stale claims, and once an affirmative defense is raised, the sole remedy available is claim disallowance under § 502(b)(1).

## Discussion

In order to state a claim for relief, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2); Fed. R. Bankr. P. 7008.  A statement showing entitlement to relief under Rule 8(a)(2) must include "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); Fed. R. Bankr. P. 7012(b).  To survive a motion to dismiss, the factual allegations of a complaint must "be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009); see also Angell v. BER CARE, Inc. (In re Careamerica, Inc.), Adv. Pro. No. L-08-00174-8-AP (Bankr. E.D.N.C. July 23, 2009) (setting out a detailed analysis of Twombly and Iqbal).

A.   Debtor's First Cause of Action: Objection to Claim

Section 502 of the Bankruptcy Code governs the allowance of claims.  Pursuant to § 502(a), a properly filed proof of claim is deemed allowed unless a party in interest objects. Rule 3001 of the Federal Rules of Bankruptcy Procedure provides guidance as to the appropriate form and content

4

of a proof of claim. In this case, the underlying debt appears to have arisen from a credit card account. Thus, Rule 3001 requires the following:

> (A) When a claim is based on an open-end or revolving consumer credit agreement – except one for which a security interest is claimed in the debtor's real property – a statement shall be filed with the proof of claim, including all of the following information that applies to the account:
>
>> (i) the name of the entity from whom the creditor purchased the account;
>> (ii) the name of the entity to whom the debt was owed at the time of an account holder's last transaction on the account
>> (iii) the date of an account holder's last transaction;
>> (iv) the date of the last payment on the account; and
>> (v) the date on which the account was charged to profit and loss.

Fed. R. Bankr. P. 3001(c)(3).

As to the burden of proof in the claims allowance process, the Fourth Circuit has explained the Code's "burden-shifting framework" as follows:

> [t]he creditor's filing of a proof of claim constitutes prima facie evidence of the amount and validity of the claim. 11 U.S.C. § 502(a); Fed. R. Bankr. P. 3001(f). The burden then shifts to the debtor to object to the claim. 11 U.S.C. § 502(b); [Canal Corp. v. Finnman (In re Johnson), 960 F.2d 396, 404 (4th Cir. 1992)]. The debtor must introduce evidence to rebut the claim's presumptive validity. Fed. R. Bankr. P. 9017; Fed. R. Evid. 301; [4 Collier on Bankruptcy, ¶ 501.02[3][d] (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev. 2004]. If the debtor carries its burden, the creditor has the ultimate burden of proving the amount and validity of the claim by a preponderance of the evidence. (Footnote omitted.) Id. at ¶ 502.03[3][f].

Stancill v. Harford Sands, Inc. (In re Harford Sands, Inc.), 372 F.3d 637, 640 (4th Cir. 2004). Although the debtor contends that Quantum did not include adequate supporting documentation with the proof of claim, the "Statement of Account Information" that Quantum attached to the claim

5

contains all of the information required by Rule 3001(c)(3), rendering the claim presumptively valid under Rule 3001(f) and shifting the burden to the debtor.  The debtor argues that the claim falls outside of the three-year statute of limitations contained within N.C.G.S. § 1-52(1), applicable to liability arising out of a contract, and therefore should be disallowed pursuant to § 502(b)(1) of the Code, which provides for disallowance of a claim if it is unenforceable under applicable law.  A statute of limitations is the type of applicable law referred to in § 502(b)(1) that constitutes grounds for disallowing a claim.  See In re Andrews, 394 B.R. 384, 388 (Bankr. E.D.N.C. 2008).

  Clearly, the debtor is correct.  Quantum's own Statement of Account Information indicates that both the last transaction and charge off of the account occurred in 1999, rendering the claim at least 15 years old at the time it was filed and well outside the statute of limitations.  This is the epitome of a "stale claim," and Quantum makes no argument to the contrary.  In fact, Quantum concedes this point in its motion to dismiss by requesting that the court limit its basis for disallowance of the claim to § 502(b)(1).  See Mot. to Dismiss Claims Against Defs., Doc. No. 8, pg. 13 ("Defendants respectfully requests *[sic]* that the Court disallow the claim only under 11 U.S.C. § 502(b)(1), as Plaintiff has raised the affirmative defense of statute of limitations . . .").  Accordingly, Quantum's motion to dismiss will be denied as to the debtor's first cause of action, i.e., the objection to claim.  In light of Quantum's concession as to disallowance of its claim pursuant to § 502(b)(1), the court will grant the debtor summary judgment on the objection to claim, and the claim will be disallowed.[1]

---

[1] See Fed. R. Civ. P. 56(f)(3); Fed. R. Bankr. P. 7056 (a court may consider summary judgment on its own after identifying material facts not genuinely in dispute and providing notice and a reasonable time to respond); Johnson v. Pa. Wire and Rope Co., 1989 U.S. App. LEXIS 21297 (4th Cir. 1989) (unpublished opinion) (noting that summary judgment is proper on a sua sponte basis "where the purposes of Rule 56 – notice and an opportunity to be heard – are achieved"); Gibson

The court now turns to the heart of this matter: whether § 105 permits the court to sanction Quantum for filing this and potentially numerous other stale claims. According to the debtor, Quantum's business model is to buy debt for pennies on the dollar and then file a claim with the bankruptcy court, knowing the debt is bound to be stale, but banking on the likelihood that very few trustees or debtors will realize the claim is objectionable, resulting in its allowance and payment as a matter of course. The debtor contends that this practice is costly to debtors who actually file an objection, reduces the payout to creditors with valid claims, and is abusive to the bankruptcy system. The debtor believes Quantum has filed thousands of stale claims nationwide, including at least 671 claims in the Eastern District of North Carolina. Complaint, ¶¶ 20, 21. Moreover, the debtor cites to a transcript from a Texas bankruptcy court hearing on a similar objection to claim where the individual who signed the claim in this case, Dharminder Sandu, testified that Quantum files computer-generated claims and only reviews a sample of the claims after they have been filed. Pl's Memo., Doc. No. 16, pg. 15. The debtor therefore seeks an award of sanctions pursuant to § 105 in order to deter Quantum from continuing to file stale claims without proper review.

The court acknowledges that if the debtor's allegations are true, Quantum appears to be capitalizing on the reality that stale claims are often overlooked by the debtor or the trustee, resulting in allowance of the claim and a corresponding reduction in the payout to other creditors, or unnecessary time and expense incurred by the debtor in objecting to the claim. The problem is that

---

v. Mayor and Council of the City of Wilmington, 355 F.3d 215 (3d Cir. 2004) (recognizing, in affirming a sua sponte award of summary judgment, exceptions to the notice requirement of Rule 56 where the record is fully developed, no prejudice will result, or the decision is based purely on a legal issue). Based on the posture of this case and the undisputed facts, the court is satisfied that Quantum presented all of its evidence on the timeliness of its claim and will suffer no prejudice from the disallowance of its admittedly time-barred claim.

the court cannot find a basis under § 105 to sanction Quantum for filing a stale claim, despite the inherent inefficiency in allowing a creditor to file a claim that is destined to be disallowed. Section 105 reads, in pertinent part:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a). This language has been interpreted to bestow certain equitable powers on bankruptcy courts in order to carry out the provisions of the Bankruptcy Code, as long as those powers are exercised within the confines of the Code. See Coleman v. Cmty. Trust Bank (In re Coleman), 426 F.3d 719, 726 (4th Cir. 2005). The court's power under § 105 is not unlimited, rather, it is invoked when necessary to "preserve an identifiable right conferred elsewhere in the Bankruptcy Code." Jamo v. Katahdin Fed. Credit Union (In re Jamo), 283 F.3d 392, 403 (1st Cir. 2002) (noting, in discussing the appropriate application of § 105, "section 105(a) does not provide bankruptcy courts with a roving writ, much less a free hand"). Here, there is no identifiable right to sanctions under § 105 for filing a stale claim. Even though the Code provides for the disallowance of stale claims in § 502(b)(1), it does not *prohibit* the filing of such claims. Thus, § 105 cannot be construed as containing an independent right of action to sanction a creditor for filing a stale claim. See Keeler v. PRA Receivables Mgmt., LLC (In re Keeler), 440 B.R. 354, 366-67 (Bankr. E.D. Pa. 2009).

The court sympathizes with the debtor's frustration in this situation. However, awarding sanctions pursuant to § 105 for the filing of a stale claim would essentially elevate the claim to a

8

false or fraudulent claim. Some courts have found sanctions to be appropriate under § 105 for the filing of a false or fraudulent claim, based a court's inherent power to sanction improper conduct. See, e.g., Kerney v. Capital One Fin. Corp. (In re Sims), 278 B.R. 457, 480-82 (Bankr. E.D. Tenn. 2002) (denying motion to dismiss request for sanctions under § 105 for a creditor's repeated filing of overstated claims); Tate v. NationsBanc Mortg. Corp. (In re Tate), 253 B.R. 653, 667-69 (Bankr. W.D.N.C. 2000) (finding sanctions under § 105 available as a potential remedy for a creditor's inclusion of unreasonable attorney's fees in proofs of claim). As discussed above, however, the claim at issue does not appear to be false or fraudulent. Although the debtor stated that she does not recall this debt, no evidence was offered to characterize this claim as representative of an invalid debt. Instead, the debtor's primary position is that the debt is time-barred. The claim represents a valid debt that the statute of limitations does not extinguish; rather, it bars enforcement of the debt. Thus, based on the unavailability of § 105 sanctions for the filing of a stale claim, the portions of the complaint that seek § 105 sanctions must be dismissed as the plaintiff has not stated a claim upon which relief can be granted.

B.  Debtor's Second and Third Causes of Action: the FDCPA and NCCAA Claims

In the second and third causes of action, the debtor contends that by filing a claim based on a time-barred debt, Quantum violated both the FDCPA and the NCCAA, warranting damages. However, this court has previously determined that the filing of a proof of claim does not constitute an effort to "collect" within the meaning of the NCCAA.[2] In Jenkins v. Genesis Financial Solutions (In re Jenkins), 456 B.R. 236 (Bankr. E.D.N.C. 2011), in the context of a complaint for damages

---

[2] Based on the nature of the claims in the Jenkins case, the complaint was dismissed upon finding a lack of violation of the NCCAA, and it was not necessary for the court to address the FDCPA claims any further.

under both the FDCPA and NCCAA for filing a time-barred claim and failing to provide sufficient documentation of the claim, the court held that the filing of a proof of claim does not constitute a collection activity in violation of the NCCAA. In addition, the court discussed the parallels between the NCCAA and the FDCPA, noting that each is designed to curtail abusive collection practices, and cited several cases presenting strong and ample authority for the proposition that a creditor's filing of a proof of claim in a bankruptcy proceeding is not an unlawful debt collection practice actionable under the FDCPA. See e.g., Simmons v. Roundup Funding, LLC, 622 F.3d 93 (2d Cir. 2010). The court finds that filing a proof of claim is not a collection activity that triggers the FDCPA. Accordingly, the court will allow Quantum's motion to dismiss as to the debtor's second and third causes of action.

## Conclusion

Having once again encountered the "stale claim problem," the court is left in the unfortunate position of understanding and empathizing with the debtor's plight, while being unable to provide more of a remedy than disallowing the claim on the bases alleged and in light of the posture of this proceeding. This issue has previously been referred by the Honorable A. Thomas Small to the Advisory Committee on Bankruptcy Rules to consider whether changes should be made to the Federal Rules of Bankruptcy Procedure and the Official Bankruptcy Forms, as well as to the Local Rules Committee for the Eastern District of North Carolina. See In re Andrews, 394 B.R. 384, 389 (Bankr. E.D.N.C. 2008). Unless and until either of these committees fashions a relevant rule, or the Code is amended in this regard, the court has done all that it can do based on the complaint at issue.

Accordingly, the motion to dismiss is **ALLOWED** as to the debtor's second and third causes of action under the FDCPA and NCCAA, and these claims for relief shall be dismissed. The motion is **DENIED** as to the debtor's first cause of action, and the court will sustain the objection to claim. Quantum's claim is hereby **DISALLOWED**, however, the debtor's request for sanctions under § 105 is denied. In light of the disallowance of Quantum's claim, the court will grant the debtor summary judgment on its objection to claim. No further issues remain pending in this adversary proceeding and it shall be closed in due course.

**END OF DOCUMENT**